UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

MECACIENNE JOSEPH,

    Plaintiff,

vs.

MARRIOTT VACATIONS WORLDWIDE CORPORATION,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, MECACIENNE JOSEPH ("Plaintiff"), by and through undersigned counsel and pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* ("FMLA") and §440.205, Fla. Stat., hereby files this Complaint against Defendant, MARRIOTT VACATIONS WORLDWIDE CORPORATION ("Defendant"), for damages as follows:

## **JURISDICTION AND VENUE**

1. At all times material hereto, Plaintiff was and continues to be a resident of Orange County, Florida, and is *sui juris*.

2. At all times material hereto, Defendant were and continue to be a for-profit business entities doing business in Orange County, Florida.

3. Venue of this action is proper as the actions which are the subject of this Complaint occurred in Orange County, Florida.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FMLA. This Court has subject matter jurisdiction over Plaintiff's State Claims pursuant to 28 U.S.C. §1367.

5. At all times material hereto, Plaintiff was an employee or former employee of Defendant within the meaning of Florida Statute §440.02(15) of the Workers Compensation Act.

6. At all times material hereto, Defendant was the employer of Plaintiff within the meaning of the Florida Workers Compensation Statute, §440.02(16), Florida Statutes.

## GENERAL ALLEGATIONS

7. In or about 2013, Plaintiff was hired by Defendant to work as a housekeeper for its hotel located at 6646 Westwood Blvd., Orlando, Florida 32821.

8. The Plaintiff was duly qualified for this position and at all times prior to her injury performed her duties at or above expectation.

9. On or about December 21, 2020, Plaintiff suffered a work-related injury while performing labor on behalf of the Defendant.

10. Immediately after suffering her work-related injury, Plaintiff reported her injury to Defendant and requested workers' compensation benefits from the Defendant. However, due to restrictions in place due to COVID-19, Plaintiff was only permitted to speak with an online nurse about her injury. That is, Plaintiff was not immediately permitted see a doctor or have her injury examined in person.

11. Moreover, despite having severe pain due to the injury, Defendant required Plaintiff to finish her duties on the day of her injury prior to being permitted to leave.

12. Following her shift, Plaintiff was sent home and merely told to self-treat and to apply an ice pack to her injury.

13. While still in pain in the days following her injury, Plaintiff continued to report to work and to perform her job, although Plaintiff continued having trouble using her right arm due to the workplace injury.

14. Ultimately, Plaintiff demanded to be seen by a doctor on January 13, 2021, as the pain in Plaintiff's arm became too much to bear.

15. Plaintiff was put on light duty restriction following her visit to a doctor.

16. However, while the Defendant changed Plaintiff's job duties in response to her doctor's restrictions, Defendant did not provide Plaintiff with light duty work.

17. On or about March 17, 2021, Plaintiff advised Defendant's human resources department that she needed to take leave from work due to her injury.

18. In response, Defendant immediately advised Plaintiff that she was not permitted take any leave to recover from her injury.

19. Defendant never advised Plaintiff about taking leave though the Family Medical and Leave Act.

20. On or about March 19, 2019, Defendant suspended the Plaintiff, claiming that Plaintiff did not show up to work. However, on that same day Plaintiff was in fact at work and had a conversation with Defendant's human resources representative about her injury.

21. Ultimately, Plaintiff was not permitted to return to work following her suspension and was terminated on March 23, 2021.

22. Defendant did not follow its progressive disciplinary policy with respect to Plaintiff's termination.

23. Plaintiff has exhausted all of her administrative remedies, if any, and has fulfilled all conditions precedent to the institution of this action or said conditions have been waived.

24. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action.

## COUNT I – INTERFERENCE WITH PLAINTIFF'S FMLA RIGHTS

25. Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-24 above.

26. In all times material hereto, the Defendant was an "employer" within the meaning of the FMLA.

27. In all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FMLA.

28. Plaintiff advised Defendant's Human Resources Department of her need for leave due to her workplace injury.

29. Defendant never provided Plaintiff with a Notice of Eligibility of her rights under the FMLA.

30. Following Plaintiff notifying Defendant of her need for leave, Defendant never provided Plaintiff with a Designation Notice pursuant to 29 CFR 825.300.

31. Plaintiff worked at least 1,250 hours during the previous 12 months of employment with Defendant and was entitled to protection under the FMLA.

32. Defendant employed 50 or more employees within a 75-mile radius within 12 months before it terminated Plaintiff and Defendant was required to comply with the FMLA.

33. At all times relevant to the facts alleged in this Complaint, Plaintiff was entitled to FMLA leave benefits due to a serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

34. Defendant failed to cooperate with Plaintiff in her attempt to exercise her FMLA rights, and otherwise interfered with Plaintiff's attempt to exercise her FMLA rights.

35. Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2).

36. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

37. As a result of Defendant's violations, Plaintiff has been damaged, for which such damages include the wages, employment benefits, and other compensation denied or lost as a result of Defendant's violation and interests on such amounts.

WHEREFORE, Plaintiff demands:

a) The Court enter a judgment that Defendant interfered with Plaintiff's FMLA rights in violation of the FMLA;

b) Compensation for lost wages, benefits, and other remuneration;

c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest;

d) Front pay;

e) Liquidated Damages;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorney's fees incurred in prosecuting these claims;

h) For such further relief as the Court deems just and equitable.

## COUNT II – CLAIM FOR RETALIATORY DISCHARGE IN VIOLATION OF §440.205, FLA. STAT.

38. Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-24 above.

39. Florida Statute §440.205 states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

40. The reasons Defendant claims it terminated Plaintiff are merely pretextual.

41. As a result of Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat., Defendant terminated Plaintiff's employment.

42. Defendant did not allow Plaintiff to re-commence work after being discharged.

43. A motivating factor which caused Plaintiff to be discharged as described above was Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat.

44. The actions Defendant took regarding Plaintiff's termination were in direct violation of §440.205, Fla. Stat.

45. As a direct result of Defendant's violation of §440.205, Fla. Stat., Plaintiff has been damaged.

WHEREFORE, Plaintiff requests judgment against the Defendant for actual and consequential damages, plus interest; compensatory damages for pain, suffering and humiliation; back pay, pre-judgment interest, front-pay, post-judgment interest, and damages for all employment and retirement benefits he would have received but for Defendant's actions and/or omissions, and any and other further relief as this Court may deem just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

46. Plaintiff demands trial by jury of all issues so triable.

Dated this 28th day of February, 2022,   Respectfully submitted,

s/Jonathan Minick
Jonathan Minick, Esq.
Fla. Bar. No.: 88743
Email: jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Direct: (786) 441-8909
Fax: (786) 523-0610
Counsel for Plaintiff